1

2

3

4

5

6

7                UNITED  STATES  DISTRICT  COURT

8            CENTRAL  DISTRICT  OF  CALIFORNIA

9                    WESTERN  DIVISION

10

11  DANA DRUMRIGHT,              )   No. CV 06-00619-VBK
                                 )
12              Plaintiff,       )   MEMORANDUM OPINION AND ORDER
                                 )
13      v.                       )   (Social Security Case)
                                 )
14  JO ANNE B. BARNHART,         )
    Commissioner of Social       )
15  Security,                    )
                                 )
16              Defendant.       )
    _____)
17

18      This matter is before the Court for review of the decision by the

19  Commissioner of Social Security denying Plaintiff's application for

20  disability benefits.  Pursuant to 28 U.S.C. §636(c), the parties have

21  consented that the case may be handled by the Magistrate Judge.  The

22  action arises under 42 U.S.C. §405(g), which authorizes the Court to

23  enter judgment upon the pleadings and transcript of the record before

24  the  Commissioner.   The  parties  have  filed  their  pleadings  and

25  supporting memoranda, and the Commissioner has filed the certified

26  Administrative Record ("AR").  After reviewing the matter, the Court

27  concludes that the decision of the Commissioner must be affirmed.

28      Plaintiff raises a single issue: whether the Administrative Law

Judge ("ALJ") properly found that Plaintiff suffered from only non-severe impairments independent of drug abuse and/or alcoholism.  It is Plaintiff's contention that in the absence of supporting evidence in the record, the ALJ was not justified in concluding that his drug abuse and alcoholism are material factors in the determination of his disability. (<u>See</u> Joint Stipulation ["JS"] at 17, and AR at 31, Finding 5.)  In order to adequately discuss this issue, a brief review of the applicable law is in order.

If drug addiction or alcoholism is a contributing factor material to the determination of disability, a claimant will be found ineligible for disability benefits. (See 42 U.S.C. §423(d)(2)(C), 20 C.F.R. §416.935).  The procedural route outlined in the regulation requires an examination of "whether your drug addiction or alcoholism is a contributing factor material to the determination of disability... [that is] whether we would still find you disabled if you stopped using drugs or alcohol." (20 C.F.R. §416.935(a)(b)) Thus, it is required that a  determination be made as to which of the claimant's physical, or in this case, mental limitations would remain, absent use of drugs or alcohol, and to then determine whether any or all of the remaining limitations would be disabling. (See 20 C.F.R. §416.935(b)(2)).

In making in making this determination, the ALJ's evaluation of evidence is governed by the same standards which apply to all Social Security cases.  Pertinent regulations include 20 C.F.R. §416.927(d), which provides that certain issues are reserved to the Commissioner because they constitute administrative findings.  Within this realm are opinions that a claimant is disabled.  The regulation states, in pertinent part, that "a statement by a medical source that you are

1  'disabled' or 'unable to work' does not mean that we will determine
2  that you are disabled." 20 C.F.R. §927(d)(1).  Moreover, it is the
3  Commissioner's responsibility to evaluate all relevant evidence to
4  determine whether the opinion of the medical source is supported by
5  the evidence, and whether it is consistent with the record as a whole.
6  (See 20 C.F.R. §416.927(d)(3),(4)).  In the vast majority of cases,
7  moreover, there will be conflicts in the evidence, and it is the ALJ's
8  specific responsibility to evaluate the evidence, and to resolve any
9  such ambiguities or conflicts.  See <u>Magallanes v. Bowen</u>, 881 F.2d 747,
10 750 (9th Cir. 1989).

11      Plaintiff first discusses the assessments of two State Agency
12 physicians, Drs. Luu and Biala. (JS at 5.)  The Court agrees with the
13 Commissioner's interpretation of the evidence provided by these
14 physicians, in particular, the mental residual functional capacity
15 ("RFC") assessments.  Dr. Luu found no significant limitation in any
16 area of mental functioning with the exception of a moderate limitation
17 in Plaintiff's ability to understand and remember detailed
18 instructions and in his ability to carry out detailed instructions.
19 (AR at 194-195.)  Dr. Biala reached an identical assessment when he
20 completed the form. (AR at 201-202.)  While both Dr. Biala and Dr. Luu
21 assessed Plaintiff's mental functional capacity as incorporating an
22 ability to understand and remember instructions and to perform simple
23 routine or repetitive tasks (AR at 196, 203), the ALJ based his
24 finding that Plaintiff's mental impairment or combination thereof is
25 not severe on a conclusion that these impairments do not significantly
26 limit his physical or mental ability to do basic work activities.  <u>See</u>
27 20 C.F.R. §416.921(a).  This conclusion is not inconsistent with the
28 functional assessments of Drs. Luu and Biala.

The ALJ's decision reflects a very precise and careful review of extensive treatment records concerning Plaintiff's mental condition. (See AR at 28-29.)  As the ALJ noted, it is these treatment records which most clearly reveal Plaintiff's mental condition when he is not using drugs or alcohol.  The Court's review of the record leads it to conclude that the ALJ correctly interpreted it to reach the conclusion that Plaintiff's drug abuse and alcoholism are material factors in the determination of disability.  Although Plaintiff disagrees with this interpretation (see JS at 8), the Court does not conclude that the ALJ's interpretation of the record was unreasonable, or that his conclusions are not supported by substantial evidence.  In particular, as the ALJ noted, the treatment records during the period of 2004 consistently note that when Plaintiff is compliant with his medications, his mental condition is responsive in a positive manner, and the assessments almost uniformly document that in these circumstances, Plaintiff has no or little impairment. (See AR at 258.) As the ALJ noted, for example, Plaintiff reported having symptoms when he halved his medication dosages or, as on May 14, 2004, when he reported having relapsed on heroin use during the prior week. (See AR at 30.)

Moreover, the chronological mental health records during the year 2003 also indicate that when Plaintiff's medication dosages were adjusted, he had essentially normal mental status exams, and was thus able to participate in anger management courses, community service, and school. (See AR at 29.)  The treatment records support the ALJ's conclusions in this regard.   While there were some spikes or exacerbation of symptoms, when Plaintiff's medications were adjusted, his mental status exams returned to essentially normal. (Id.)  For

example, as the ALJ noted, "Significantly, during a period when polysubstance abuse was reportedly in full remission, and after the changes [in medication] had been made, [Plaintiff] presented with remarkable improvement in symptoms." (AR 30, citing Exhibits.) The ALJ's conclusion was that, "[Plaintiff's] bipolar symptoms were generally controlled with medications." (Id.)

The report of consulting psychiatrist Dr. Ho on June 11, 2003 (AR 234-238) does not impair the ALJ's conclusions. While Dr. Ho determined that Plaintiff had some marked limitations in social interactions, and moderate difficulties in dealing with more than simple work or responding appropriately to work pressures and changes in routine (AR 239-240), the ALJ determined that this assessment did not adequately reflect the long-term situation when Plaintiff is free of drugs and alcohol and is compliant with medication. (AR 29.) Again, the ALJ properly relied upon the chronological treatment records, and the Court finds that the ALJ was on solid ground in making this conclusion.

In sum, the Court concludes that the ALJ properly interpreted the evidence, and further, discharged his required function to determine whether or not Plaintiff's drug and alcohol abuse were inextricably intertwined with the determination of his disability. Plaintiff's legal proposition – that this question must be supported by a specific opinion rendered by a physician (see JS at 17) – does not accurately state the law. The ALJ's function was to perform this analysis based on the evidence in the record, and the Court concludes that he did so correctly and in a manner supported by substantial evidence. For these reasons, the decision of the Commissioner will be affirmed.

//

1     For the foregoing reasons, the decision of the Commissioner will

2  be affirmed and the matter will be dismissed with prejudice.

3     **IT IS SO ORDERED.**

4

5  DATED:  November 17, 2006

6

7                                    /s/
                                     VICTOR B. KENTON
8                                    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28